IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN BUSINESS UNIT

| | | |
|---|---|---|
| LESAFFRE YEAST CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. _____ |
| vs. | ) | |
| | ) | |
| FERMATRIX, LLC, | ) | **JURY TRIAL DEMANDED** |
| and PIOTR KRASUCKI a/k/a PETER | ) | |
| KRASUCKI, | ) | |
| | ) | |
| Serve: Piotr Krasucki | ) | |
| Individually and Registered | ) | |
| Agent for Fermatrix LLC | ) | |
| 3223 Shady Oak Dr. | ) | |
| St. Charles, MO 63301 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Lesaffre Yeast Corporation, by and through its counsel of record, and for its claims against defendants Fermatrix, LLC and Piotr Krasucki, state and allege as follows:

### PARTIES, JURISDICTION, & VENUE

1.      Plaintiff Lesaffre Yeast Corporation (hereinafter referenced by the name of its Fermentis® business unit: "Fermentis/LYC" or "Fermentis®") is a Delaware company that provides valuable products and services to a variety of customers in the food and beverage industry as well as the ethanol production industry in using yeast products and maximizing the efficiency of yeast applications.

2.      Fermentis/LYC's principal place of business is in Wisconsin, and it is part of a group of companies collectively known as The Lesaffre Group.

3.    "Fermentis®" is the registered and well-known trademark of Fermentis/LYC.

4.    Defendant Fermatrix LLC is, upon information and belief, a Missouri company officially formed on July 16, 2010 to engage in yeast consulting services for many of the same customers as Fermentis/LYC.

5.    Defendant Piotr Krasucki a/k/a Peter Krasucki ("Krasucki") is a Missouri resident that acted as Manager of Technical Sales for Fermentis/LYC from 2006 to the date of his separation in June 2010.  Krasucki formed Fermatrix approximately three weeks after leaving Fermentis/LYC.

6.    Upon information and belief, Krasucki acted prior to his separation from Fermentis/LYC to gather, copy, and take its confidential and proprietary information to use in his new venture, Fermatrix, to compete directly with Fermentis/LYC and confuse others in the yeast industry about his affiliation with Fermentis/LYC.

7.    This Court has original jurisdiction over this Complaint in that it involves a claim for trademark and trade dress infringement of the Fermentis® trademark and trade dress under §43(a) of the Lanham Act codified at 15 USCA §1125(a) as well as a claim under 17 USCA §107 for violation of Fermentis/LYC's copyright to a variety of material.  It further involves pendent state law claims for misappropriation of trade secrets, breach of contract, and injunction.

8.    Venue is proper in this Court in that both defendants are residents within the Eastern District of Missouri, Eastern Division, and the conduct giving rise to the violations of copyright and trademark/trade dress infringement occurred at least in part in this venue.

## FACTS COMMON TO ALL COUNTS

9.      Fermentis/LYC is a business group that develops and sells yeast and yeast products to the beer, wine, spirits, and industrial ethanol industries and has invested in many years in the strength and distinction of the Fermentis® trademark.

10.     Fermentis/LYC specifically develops innovative yeast products that, in turn, are designed to offer customers increased performance in their own industries.

11.     Both the sales of Fermentis/LYC yeast products to its customers and the desires of those customers to continue their relationship with Fermentis/LYC are closely tied to the technical knowledge and assistance of Fermentis/LYC's employees in developing particular yeast products individualized to customers' industrial uses and applications.

12.     Fermentis/LYC has therefore developed a sales and marketing force to analyze customers' needs, identify opportunities for innovation, and bring newly-developed products to the market.  This sales team contains, *inter alia*, a strong technical support group.

13.     Defendant Krasucki was the Manager of Technical Sales for Fermentis/LYC from 2006-June 2010 and as such was privy to and received confidential information that included but was not limited to: the identities of Fermentis's customers, those customers' specific applications of yeast products, those customers' specific technical yeast demands, yeast optimization rates for different Fermentis® yeast strains, research and development of different Fermentis® yeast strains, clinical trials on different yeast strains, the efficiency of Fermentis® yeast products for each of Fermentis's customers, customer training materials and supports, and Fermentis's marketing strategies through the use of technical yeast process-oriented knowledge.

14.     In 2006, Krasucki began his employment in technical sales for Fermentis/LYC and, as a condition of that employment, signed a "Confidentiality Agreement" recognizing his

3

duty to protect from disclosure all business, marketing, technical data, instruction material,

studies, research, processes, and other Fermentis/LYC intellectual property to which he was

exposed during his employment with Fermentis/LYC and to return all such confidential material

to Fermentis/LYC in the event of his separation from it.

15.     Krasucki, as Manager of Technical Sales for Fermentis/LYC, benefitted from his

exposure to the trade secrets, data, instructional training, computer modeling, research and

development, business processes, and other intellectual property of Fermentis/LYC.

16.     In June 2010, Krasucki signed a "Voluntarily Separation, Release and Non-

Compete Agreement" with Fermentis/LYC, thereby ending his employment as Manager of

Technical Sales (hereinafter "Separation Agreement"; a copy of this Separation Agreement is

attached and marked "Exhibit 1" and incorporated by reference).

17.     In the Separation Agreement, Krasucki acknowledged and promised, in pertinent

part:

> 5.     Nondisclosure & Noncompete.
>
>         a.     Employee agrees that his employment with the Company
> provided him with peculiarly specialized and sensitive knowledge of
> confidential information regarding the development of unique yeast, yeast
> derived and other micro-organism products, applications and production
> technologies for ethanol production facilities and/or other related
> processes and/or technologies in which the Company has made a
> significant investment. "Confidential information" includes various
> nonpublic materials, policies, procedures, technical, operational,
> commercial and scientific data, administrative reports, know-how and
> other information concerning. . . Lesaffre affiliated production facilities . .
> .and the manufacturing processes, technologies and business, operational
> and other commercial practices of the Company and/or at or in connection
> with the Red Star Plants. . . together with information concerning the
> business, affairs, finances, products, research and technologies of the
> Company (Fermentis Business Unit of Lesaffre. . . ) including, without
> limitation, information regarding:  product specifications; yeast strains,
> samples and/or cultures; data; know-how; formulas; compositions;
> processes; techniques; methods; designs; prints; sketches; photographs;

samples; prototypes; inventions; concepts; ideas; past, current and planned
research and development; past, current and planned manufacturing or
distribution methods and processes; the identity of or other information
about actual or potential customers, customer contacts and customer sales
strategies; market studies, penetration data and other market information;
sales and marketing plans, programs and strategies; sales, costs, pricing
and other financial data; sources of supply for products, raw materials, and
components; descriptions of plants and production equipment; price lists;
business plans; financial reports and statements; computer software and
programs (including object code and source code); databases; internal
reports, memoranda, notes, analyses, compilations and studies; and other
data, information, materials or intangibles that relate to the Company's
business, products and/or research of a technical, biological, scientific,
commercial or industrial nature. . . .

b.      Employee acknowledges that. . . he was provided access to
the Confidential Information detailed in Paragraph 5(a). . . [it is] extremely
valuable to the Company and . . . not generally known in the yeast and/or
fuel ethanol industries.  Employee acknowledges that this information
would be valuable to the Company's competitors and that disclosure of
this information would irreparably harm the Company and would destroy
its competitive advantage in the marketplace.  Employee further
acknowledges that his working with a competitor of the Company would
inevitably result in the disclosure of the Company's proprietary
information. . . .

c.      In further consideration for the payments made to
Employee . . . and without limitation as to time as it is not otherwise
commercially available in the marketplace, Employee shall not disclose
any Confidential Information, directly or indirectly nor use it in any way. .
. . Employee. . . agrees that this restriction is reasonably necessary to
protect the Company's legitimate interests because the disclosure or use of
this information for a competitor will constitute irreparable damage to the
Company.

d.      Employee represents that he has returned to the Company
all tangible files, records, electronic files and/or data, documents,
drawings, specifications, equipment and similar items relating to the
business of the Company, whether prepared by Employee or otherwise
coming into his possession and that he has not retained any such
information in any form or on any media or provided any such information
to any person or entity outside of the Company.

e.      Employee expressly acknowledges that the covenant
contained in paragraph 5b is narrowly tailored to protect the Company's
legitimate business interests and will not restrict his ability to obtain

5

gainful employment.  Employee represents that he possesses the skills, education and experience to obtain gainful employment outside of the yeast industry. . . .

(Separation Agreement, Ex. 1, pp. 2-4).

18.    On or about July 16, 2010—less than a month following his separation from Fermentis/LYC--Krasucki formed a competing yeast consulting company: Fermatrix, LLC ("Fermatrix").

19.    Upon information and belief, Krasucki owns 100% of Fermatrix.

20.    Fermatrix has and continues to advertise the consulting services of Krasucki in identical fashion to the consulting services that Krasucki provided to yeast customers while he was employed at Fermentis/LYC.

21.    Indeed, Krasucki advertises on the Fermatrix website and other ways that he is an experienced consultant in the yeast industry due in part to his position at Fermentis/LYC as its Manager of Technical Sales.

22.    Krasucki has also caused confusion in the yeast marketplace by use of the Fermatrix trade name which is deceptively similar to that of Fermentis®.

23.    Further, Krasucki has and continues to cause confusion in the marketplace by holding out as Fermatrix's property what is actually the confidential and proprietary information, computer modeling, data, research and development of Fermentis/LYC.  As just one such example, the Fermatrix website shows that it has a 2010 copyright to the material thereon, but much of that material was previously owned and/or copyrighted by Fermentis/LYC.

24.    When Fermentis/LYC learned of the above-described activities of Krasucki and Fermatrix, its counsel sent both Krasucki and Fermatrix a cease and desist letter, demanding that the infringing activities halt immediately so as to prevent any further irreparable harm.

6

25.     Krasucki and Fermatrix have failed or otherwise refused to respond to the cease and desist demand letter of Fermentis/LYC and continue their activities that are leading to further irreparable harm to Fermentis/LYC.

26.     In particular, the Fermatrix website falsely advertises as its own intellectual property much that is actually the intellectual property of Fermentis/LYC and does so without the consent and over the objection of Fermentis/LYC.

27.     Defendants' actions in advertising their yeast consulting services and knowledge as well as their ownership of previously copyrighted materials were done and continue to be done with an evil motive or reckless indifference and conscious disregard as to their truth or falsity and, as such, entitle plaintiff to an award of punitive damages.

## COUNT I-Trademark/Trade Dress Infringement

28.     Plaintiff re-states and re-alleges the allegations in paragraphs 1-27 above as if fully set forth herein.

29.     Fermentis/LYC owns the Fermentis® distinctive trademark and trade name that is recognized widely within the yeast industry as being the dominant product and service provider of unique yeast strains that, when coupled with the technical know-how of its employees, provides its customers with opportunities to maximize production efficiencies.

30.     The Fermentis® trademark and trade dress are unique.

31.     Defendants' use of Fermatrix as a name for a business that competes directly with Fermentis/LYC in the same niche yeast development and application market creates a likelihood of dilution of the distinctive quality of the Fermentis® trademark and trade dress.

32.     This likelihood of dilution became apparent in recent comments from customers and competitors of Fermentis/LYC in which they voiced confusion as to whether Fermatrix was the same thing as Fermentis® or otherwise affiliated with Fermentis®.

33.     Due to this actual confusion as well as the continuing likelihood of confusion, Fermentis/LYC is entitled to money damages and injunctive relief pursuant to §43(a) of the Lanham Act codified at 15 USCA §1125(a).

WHEREFORE, plaintiff Lesaffre Yeast Corporation asks this Court to enter Judgment in its behalf for damages that will fairly compensate it for the harm due to this dilution of the Fermentis® trademark and trade dress and for injunctive relief ordering Fermatrix LLC and Piotr Krasucki a/k/a Peter Krasucki to cease use of the Fermatrix name and any reference to the Fermentis® trade dress from this date forward, for its attorneys' fees and costs herein expended, for an additional award of punitive damages, and for such other and further relief as the Court deems just and proper.

### COUNT II – Violation of Copyright

34.     Plaintiff re-states and re-alleges the allegations in paragraphs 1-33 above as if fully set forth herein.

35.     Plaintiff Fermentis/LYC owns a valid copyright to its original materials that include but are not limited to yeast batch growth curves and graphs, yeast three dimensional computer modeling, and other types of analytical reports.

36.     Defendants copied the constituent elements of Fermentis/LYC's copyrighted materials referenced above.

37.     Defendants Krasucki and Fermatrix claim on the Fermatrix website that Fermatrix owns the copyright to these same items, in clear violation of 17 USCA §101.

38.    Plaintiff Fermentis/LYC has been damaged by defendants' use of its copyrighted materials, entitling it to money damages as well as injunctive relief.

WHEREFORE, plaintiff Lesaffre Yeast Corporation asks this Court to enter Judgment in its behalf for damages that will fairly compensate it for the harm due to this violation of its copyrighted materials and for injunctive relief ordering defendants to remove the claim of copyright to any such materials from the Fermatrix website and any other Fermatrix materials, for its attorneys' fees and costs herein expended, for an additional award of punitive damages, and for such other and further relief as the Court deems just and proper.

## COUNT III – Misappropriation of Trade Secrets

39.    Plaintiff re-states and re-alleges the allegations in paragraphs 1-38 above as if fully set forth herein.

40.    While Krasucki was Manager of Technical Sales for Fermentis/LYC, upon information and belief, Krasucki misappropriated certain confidential information and intellectual property of Fermentis/LYC prior to his departure from it in June 2010.

41.    This information contained trade secrets of Fermentis/LYC, including but not limited to Fermentis/LYC's development of unique yeast strains, yeast derived-products, yeast applications and production technologies for ethanol production facilities, yeast effectiveness computer modeling, and yeast production process know-how.

42.    These trade secrets derive independent economic value from *not* being generally known to, and *not* being readily ascertainable by other persons who can obtain economic value from their disclosure or use.

43.     Fermentis/LYC undertook exceptional efforts to keep these trade secrets confidential, including *not* distributing them outside of Fermentis/LYC and keeping them closely guarded.

44.     These trade secrets were established by Fermentis/LYC through its efforts over considerable time and, as such, have grown to have considerable economic value to Fermentis/LYC from *not* being known to competitors.

45.     If these trade secrets were obtained by competitors, such economic value to Fermentis/LYC would be compromised, and the economic value to its competitors would be significant.

46.     Krasucki knew when he obtained these trade secrets that they were confidential.

47.     Krasucki was reminded of his obligations to keep these trade secrets confidential and to refrain from using them at any time without Fermentis/LYC's permission after he left his employ with Fermentis/LYC in June 2010.

48.     Regardless, Krasucki and Fermatrix have, upon information and belief, communicated Fermentis/LYC's trade secrets to others and have refused to return Fermentis/LYC's confidential information to Fermentis/LYC.

49.     Upon information and belief, the defendants' uses of Fermentis/LYC's trade secrets have damaged Fermentis/LYC monetarily and will continue to do so if not stopped.

50.     Upon information and belief, the defendants' misappropriation of Fermentis/LYC's trade secrets is outrageous because of the defendants' evil motive or reckless indifference to the rights of Fermentis/LYC, thereby entitling Fermentis/LYC to punitive damages pursuant to §417.455 and §417.457 RSMo.

10

WHEREFORE, plaintiff Lesaffre Yeast Corporation asks this Court to enter Judgment in its behalf for damages that will fairly compensate it for the harm due to this misappropriation of its trade secrets and for injunctive relief ordering defendants to return all such materials to it immediately, for its attorneys' fees and costs herein expended, for an additional award of punitive damages, and for such other and further relief as the Court deems just and proper.

## COUNT IV – Breach of Contract

51.     Plaintiff re-states and re-alleges the allegations in paragraphs 1-50 above as if fully set forth herein.

52.     Defendant Krasucki entered the Separation Agreement with Fermentis/LYC, wherein Krasucki agreed to keep confidential for all time Fermentis/LYC's confidential and proprietary information as defined therein.

53.     Fermentis/LYC has performed all of its obligations under the Separation Agreement.

54.     Krasucki has breached the Separation Agreement by using Fermentis/LYC's confidential and proprietary information without its consent and over its objection and has threatened to continue doing so without justification.

55.     By breaching the terms of the Separation Agreement, Krasucki has damaged Fermentis/LYC irreparably and threatens to continue to do so.

56.     Krasucki's breach of the Separation Agreement has damaged Fermentis/LYC.

WHEREFORE, plaintiff Lesaffre Yeast Corporation asks this Court to enter Judgment in its behalf for damages that will fairly compensate it for the harm due to this breach of contract and for such other and further relief as the Court deems just and proper.

11

Respectfully submitted,

WILLIAMS VENKER & SANDERS LLC


By __/s/ Lucy T. Unger_____
         Lucy T. Unger, #36848MO
         Bank of America Tower
         100 North Broadway, 21st Floor
         St. Louis, Missouri 63102
         314/345-5000
         314/345-5055 (FAX)
         lunger@wvslaw.com
ATTORNEYS FOR PLAINTIFF
LESAFFRE YEAST CORPORATION